IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RENEE CHAMPAGNE, )
)
       Plaintiff, )
)
  v. ) Civil Action No. 18-329
)
COMMISSIONER OF SOCIAL SECURITY, )
)
       Defendant. )

O R D E R

AND NOW, this 29th day of March, 2019, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for Disability Insurance Benefits ("DIB") under Subchapter II of the Social Security Act, 42 U.S.C. § 401, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh

the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") erred in failing to properly analyze her physical and mental impairments both generally and in formulating her residual functional capacity ("RFC"). The Court finds no merit in Plaintiff's contentions and finds that substantial evidence supports the ALJ's decision.

Preliminarily, the Court notes that, as the parties are aware, Plaintiff's insured period for DIB ended on December 31, 2013. Accordingly, she has to establish that she was disabled as of that time to warrant an award of benefits. The record contains a significant amount of medical records from after that date – some from very shortly after and some from much later. Plaintiff argues that the records – some from as shortly after the end of her insured period as January of 2014 – should be considered in determining whether she was disabled by that date. The Court agrees that the records from very shortly after December 31, 2013 have potential relevance, and, indeed, the ALJ did expressly consider the records from Plaintiff's January 2014 seizures, as well as treatment records from Dr. Janet Waters in April of 2014. (R. 29-30). The Court agrees with the ALJ that the later records do not in any way relate to the relevant time period.

With that in mind, the Court finds that the ALJ properly evaluated Plaintiff's physical impairments in finding her not to be disabled. As to Plaintiff's claim that the ALJ improperly found that her epilepsy failed to meet or medically equal Listing 11.02, 20 C.F.R. Part 404, Subpart P, Appendix 1, at Step Three of the sequential analysis, the Court notes that the ALJ thoroughly analyzed this listing in finding that it did not apply. Plaintiff does not attempt to demonstrate how she does meet this listing and, in fact, seems to acknowledge that the evidence does not establish that she does. (Doc. No. 10 at 12). It is important to remember that to meet a listing, a claimant must "present medical findings equal in severity to *all* the criteria of a listed impairment." Degenaro-Huber v. Comm'r of Soc. Sec., 533 Fed. Appx. 73, 75 (3d Cir. 2013) (quoting Sullivan v. Zebley, 493 U.S. 521, 531 (1990) (emphasis in the original)). Substantial evidence supports the ALJ's finding that her condition did not. Plaintiff also suggests that the ALJ should have considered whether her condition met or equaled Listing 11.18 for Traumatic Brain Injury (which Plaintiff inadvertently cites as Listing 11.08). However, the Court notes that the ALJ's evaluation as to Plaintiff's mental impairments at Step Two of the sequential analysis clearly shows that she did not meet the similar requirements under Listing 11.18.B. (R. 25-26).

Plaintiff further asserts that the ALJ did not properly assess her chronic headaches/migraines in rendering her decision. The ALJ did, of course, find Plaintiff's headaches to constitute a severe impairment at Step Two, but Plaintiff argues that she did not properly account for this impairment in determining the appropriate RFC. However, Plaintiff does not suggest specifically what additional functional limitations should have been included in the RFC to account for her headaches that were not already included. The issue is not whether Plaintiff did, in fact, suffer from these headaches during the relevant time (and, again, the ALJ found that she did), but whether that condition "caused functional limitations that precluded [her] from engaging in any substantial gainful activity." Walker v. Barnhart, 172 Fed. Appx. 423, 426

(3d Cir. 2006). The ALJ explained how she formulated Plaintiff's physical RFC in significant detail, and the Court finds her determination to be supported by substantial evidence.

In regard to her mental conditions, Plaintiff argues that the ALJ erred in not finding her mental health impairments to even constitute severe impairments at Step Two of the sequential analysis. However, the Step Two determination as to whether a claimant is suffering from a severe impairment is a threshold analysis requiring the showing of only one severe impairment. See Bradley v. Barnhart, 175 Fed. Appx. 87, 90 (7th Cir. 2006). In other words, as long as a claim is not denied at Step Two, it is not generally necessary for the ALJ specifically to have found any additional alleged impairment to be severe. See Salles v. Comm'r of Soc. Sec., 229 Fed. Appx. 140, 145 n.2 (3d Cir. 2007); Lee v. Astrue, Civ. No. 06-5167, 2007 WL 1101281, at *3 n.5 (E.D. Pa. Apr. 12, 2007); Lyons v. Barnhart, Civ. No. 05-104, 2006 WL 1073076, at *3 (W.D. Pa. March 27, 2006). Since Plaintiff's claim was not denied at Step Two, it does not matter whether the ALJ correctly or incorrectly found Plaintiff's alleged mental impairments to be non-severe.

Of course, even if an impairment is non-severe, it may still affect a claimant's RFC. In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8p, 1996 WL 374184 (S.S.A.), at *5 (July 2, 1996). See also 20 C.F.R. § 404.1545(a)(2). "While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may – when considered with limitations or restrictions due to other impairments – be critical to the outcome of a claim." S.S.R. 96-8p at *5. Accordingly, merely because the ALJ did not find Plaintiff's mental impairments to be severe does not mean that these impairments could not still have affected Plaintiff's RFC. Here, however, the ALJ restricted Plaintiff to jobs involving routine and repetitive tasks, apparently accounting for her non-severe mental impairments. (R. 27). Again, the issue is not whether Plaintiff had been diagnosed with mental conditions, but what functional limitations the conditions caused, and Plaintiff does not suggest what additional functional limitations should have been included. See Walker, 172 Fed. Appx. at 426. Therefore, there is no basis for Plaintiff's argument regarding the ALJ's analysis at Step Two or as to the formulation of her RFC. The Court further notes that the analysis in which the ALJ engaged in determining whether Plaintiff's mental impairments were severe was essentially the same as would apply in determining whether she met Listing 12.04 at Step Three, so there was no need to restate that analysis in regard to Listing 12.04. Since the Court finds that substantial evidence supports the ALJ's analysis at Step Two, particularly as of the date last insured, it would also find so in regard to Step Three.

Plaintiff also contends that she could not perform all of the job duties for the positions identified by the vocational expert at Step Five – church janitor, housekeeper/cleaner, and election clerk. (R. 32, 52). However, this is largely based on her claim that she was more restricted than her RFC reflected. The ALJ, though, did not include these greater limitations in Plaintiff's RFC, and, as discussed herein, substantial evidence supports her finding. Although a hypothetical question to a vocational expert must accurately portray the claimant's physical and mental impairments, it need reflect only those impairments that are supported by the record. See

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 9) is DENIED and that Defendant's Motion for Summary Judgment (document No. 11) is GRANTED.

                                                          s/Alan N. Bloch
                                                          United States District Judge

ecf:           Counsel of record

---

Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). The ALJ properly relied on the expert's testimony regarding the functional limitations supported by the record.

       Accordingly, for all of the reasons stated herein, the Court finds that substantial evidence supports the ALJ's decision, and it hereby affirms.